UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE, | 1:16-cv-01066-GSA-PC |
| Plaintiff, | **SCREENING ORDER** |
| vs. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** (ECF No. 1.) |
| DR. DIKRAN BAIRAMIAN, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT** |
| | **ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

I.      BACKGROUND

Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  On July 25, 2016, Plaintiff filed the Complaint commencing this action, which is now before the court for screening.  (ECF No. 1.)

On August 8, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.)

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri.  The events at issue in the Complaint allegedly occurred at the United States Penitentiary (USP)-Atwater in Atwater, California, when Plaintiff was incarcerated there

2

in the custody of the Federal Bureau of Prisons.  Plaintiff names as defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, Adrian Kumar (RNFA), and Dr. David Betz (collectively, "Defendants"), who were employed at the Memorial Medical Center in Modesto, California, during the relevant time period.  The Defendants were governmental actors.

Plaintiff's allegations follow.  On July 22, 2014, Plaintiff was taken to Modesto Memorial Hospital after being given several MRI tests showing that he needed **lower** back surgery.  Instead, Dr. Bairamian, Dr. Nguyen, and associates wrongfully gave Plaintiff **upper** back surgery. Dr. Bairamian and Dr. Nguyen are health care providers who do surgery for federal inmates housed at USP-Atwater.  Plaintiff was not aware and did not consent to upper back surgery.  The doctors did not inform Plaintiff of the upper back surgery, which was unnecessary and constituted medical battery.  Plaintiff's lower back surgery was delayed, causing Plaintiff further harm.  Plaintiff's legs stay stiff, he cannot stand, walk, or hold his balance, and he endures severe pain, suffering, and disability from the delay.

Plaintiff requests monetary damages.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff brings <u>Bivens</u> claims under the Fourth, Eighth, and Fourteenth Amendments, and state law.

### A.   **Bivens**

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983.  <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006).  The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right.  <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, (9th Cir. 2003).  "To state a claim for relief under <u>Bivens</u>, a plaintiff must allege that a federal officer deprived him of his constitutional rights."  <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing <u>see</u> <u>Schearz v. United States</u>, 234 F.3d 428, 432 (9th Cir. 2000).  A <u>Bivens</u> claim is only available against officers in their individual capacities. <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996).  "A plaintiff must plead more than a merely negligent act by a federal

official in order to state a colorable claim under <u>Bivens</u>." <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. <u>Iqbal</u>, 556 U.S. at 676; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss</u>, 572 F.3d at 969.

**B.      Defendants Kumar and Betz – Linkage Requirement**

To state a claim against Defendants, Plaintiff must allege facts linking each named defendant to the violation of his rights. <u>Iqbal</u>, 556 U.S. at 676; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). In the Complaint, Plaintiff does not link any affirmative act or omission to act by defendants Kumar or Betz to the deprivation he alleges to have suffered. In fact, Plaintiff does not allege any facts whatsoever concerning defendants Kumar or Betz. Therefore, Plaintiff fails to state any cognizable claim for relief against defendants Kumar or Betz.

**C.      Fourth Amendment**

It is well-established that victims of Fourth Amendment violations caused "by federal officers may bring suit for money damages against the officers in federal court." <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66–67 (2001) (citing <u>Bivens</u>, 403 U.S. at 396). The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV. Excessive force claims are also governed by the Fourth Amendment's "objective reasonableness" standard. <u>Graham v. Connor</u>, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989). The Fourth Amendment also protects individual privacy against certain kinds of governmental intrusion. <u>Katz v. United States</u>, 389 U.S. 347, 350, 88 S. Ct. 507, 510, 19 L. Ed. 2d 576 (1967). To determine if a prison policy violates the Fourth Amendment right to be free from unreasonable searches, the court considers: (1) the scope of the particular intrusion; (2) the

manner in which it is conducted; (3) the justification for initiating it; and (4) the place in which it is conducted. Byrd v. Maricopa Cty. Bd. of Supervisors, 845 F.3d 919 (9th Cir. 2017).

To the extent that Plaintiff asserts that the erroneous surgery performed on his back was a violation of his Fourth Amendment rights, Plaintiff's allegations are insufficient to show that he was subject to an unreasonable search or seizure, or that his rights to privacy were violated. Plaintiff shall be granted leave to amend this claim.

### D.   **Fourteenth Amendment**

Plaintiff seeks to bring a claim under the Fourteenth Amendment.  The Fourteenth Amendment to the United States Constitution provides, among other protections, that "no State" shall deprive any person of life, liberty, or property without due process of law, or deny to any person within the State's jurisdiction the equal protection of the laws.  U.S. Const. amend. XIV § 1.  The plain language of the amendment reflects that these provisions apply to states and not to the federal government or its employees.  San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543 n. 2, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987). Thus, violation of the Fourteenth Amendment cannot be the basis of a Bivens action.  The due process and equal protection clauses of the Fourteenth Amendment do not apply against the federal government, only against the state governments.  See U.S. Const. amend. XIV, § 2. Therefore, Plaintiff's claim under the Fourteenth Amendment fails.

As a federal prisoner, Plaintiff's due process and equal protection rights are guaranteed by the Fifth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005); Consejo De Desarrollo Economico De Mexicali, A.C. v. United States, 482 F.3d 1157, 1170 n. 4 (9th Cir. 2007) (citing Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954)). However, Plaintiff's allegations give no indication that he suffered an equal protection[1] or due

---

[1] The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v.

process[2] violation.  Plaintiff shall be granted leave to amend the Complaint to allege violations of the Fifth Amendment, if he so wishes.

###    E.    Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

///

---

Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

[2] Plaintiff's allegations set forth no facts supporting the existence of a viable claim premised on a violation of the procedural component of the Due Process Clause.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293 (1995).  The Due Process Clause protects prisoners from being deprived of liberty or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Plaintiff has not established the existence of a protected liberty interest.  Therefore, Plaintiff fails to state a due process claim.

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." <u>Toguchi</u>, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." <u>Id.</u> (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff's allegations are insufficient to support an Eighth Amendment medical claim. There are no <u>facts</u> supporting a claim that Defendants deliberately disregarded an excessive risk of harm to Plaintiff's health when they performed surgery on Plaintiff. <u>Farmer</u>, 511 U.S. at 834. This claim is not cognizable and it shall be dismissed, with leave to amend.

**F.     State Law Claims**

Plaintiff also brings claims for battery and medical malpractice, based in part on failure to obtain informed consent, which are state law torts. Violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. <u>See</u> 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's negligence claim fails.

**V.     CONCLUSION AND ORDER**

The court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will dismiss the Complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."   Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions.  Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

///

4.      Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01066-GSA-PC; and

5.      If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 28, 2017**                         **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE