UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. DIKRAN BAIRAMIAN, et al.,<br><br>    Defendants. | 1:16-cv-01066-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 14.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

**I.    BACKGROUND**

Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).[1] On July 25, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On March 28, 2017, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.)

On May 1, 2017, Plaintiff filed the First Amended Complaint. (ECF No. 10.) On February 12, 2018, the court screened the First Amended Complaint and issued an order dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 13.)

---

[1] Plaintiff states in the Second Amended Complaint that he is proceeding under the Federal Tort Claims Act, for medical battery and medical malpractice, and with supplemental state law claims. (ECF No. 14 at 3 ¶IV, 4 ¶2.) There is no indication in the Second Amended Complaint that Plaintiff seeks to proceed under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). However, in an abundance of caution, the court has screened the Second Amended Complaint for claims under both the FTCA and Bivens. As discussed in this order, the court finds that Plaintiff fails to state any claims under both the FTCA and Bivens.

1

On March 9, 2018, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (ECF No. 14.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Springfield Medical Center for Federal Prisoners in Springfield, Missouri. The events at issue in the Second Amended Complaint allegedly occurred when Plaintiff was incarcerated at the United States Penitentiary (USP)-Atwater in Atwater, California, in the custody of the Federal Bureau of Prisons (BOP).

Plaintiff names as defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, the United States of America, Dr. Nadar M. Peikar, Dr. David Betz, and the Sutter Health Memorial Medical Center (Medical Center) (collectively, "Defendants"). Defendants Bairamian and Nguyen were employed at the Medical Center in Modesto, California, during the relevant time period. Defendants Peikar and Betz were employed at USP-Atwater during the relevant time period. Plaintiff's allegations follow.

Plaintiff fell on the wet kitchen floor at USP-Atwater and was taken to the infirmary for an examination by defendant Dr. Peikar, Plaintiff's doctor. For several months afterward, Plaintiff submitted medical request forms to obtain additional medical care. Defendant Dr. Peikar knew the extent of Plaintiff's pain and medical condition. Dr. Peikar also knew that the delay in treatment was largely ineffective, but declined to do anything more to attempt to improve Plaintiff's medical situation.

Defendant Dr. Bairamian, a private doctor contracted with the BOP, arrived at USP-Atwater to assess Plaintiff's lower back for surgery. After an examination and x-rays, Dr. Bairamian informed Plaintiff that surgery was necessary. Plaintiff asked both doctors Peikar and Bairamian, if there was an alternative to surgery and was told that if surgery was not performed, Plaintiff would become paralyzed or die. Plaintiff elected to have the lower back surgery.

On July 22, 2014, Plaintiff was escorted to the Medical Center in Modesto, California, for treatment and surgery on his lower back by defendants Dr. Bairamian, Dr. Nguyen, and Dr. Betz. Without Plaintiff's knowledge or consent, Plaintiff was given the wrong surgery on his upper back, which left Plaintiff unable to walk correctly and with long-term injury to his back.

Plaintiff alleges that he filed administrative claims to the Western Regional Director of the BOP for incidents occurring on July 22, 2014 and October 19, 2015, claim numbers TRT-PCF-2016-01101 and TRT-WXR-2016-05196, respectively, and that he exhausted these claims.

Plaintiff requests monetary relief and costs of suit.

**IV.  PLAINTIFF'S CLAIMS UNDER THE FTCA**

Plaintiff brings claims in the Second Amended Complaint under the Federal Tort Claims Act, for medical battery and medical malpractice. The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees. D.L. by & through Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992)). Before a plaintiff can file an FTCA action in federal court, he must exhaust the administrative remedies for his claim. 28 U.S.C. § 2675(a). An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. Id. The FTCA's exhaustion requirement is jurisdictional and may not be waived. Id. (citing Jerves, 966 F.2d at 519).

The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) (quoting Ducey v. United States, 713 F.2d 504, 516 (9th Cir. 1983)). Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. See, e.g., Logue v. United States, 412 U.S. 521 (finding that the federal "marshal had no authority to control the activities of the sheriff's employees," and thus "the sheriff's employees were employees of a 'contractor with the United States,' and not… employees of a 'Federal Agency'").

"The United States is the only proper defendant in a [Federal Tort Claims Act] action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The FTCA authorizes tort actions against the United States if the United States, *as a private person*, would be liable to the plaintiff under California

tort law. United States v. Olson, 546 U.S. 43, 44, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to the plaintiff by the United States "must be found in California state tort law." Id.

///

### A. Exhaustion of Administrative Remedies

Plaintiff has submitted documentation of his administrative claims as exhibits attached to the Second Amended Complaint. (ECF No. 14 at 11-28.) Plaintiff provides a copy of an administrative claim that he submitted to the California Victim Compensation and Government Claims Board (VCGCB) on January 8, 2015, and also provides evidence that he did not receive a response to this claim. (ECF No. 14 at 18-26.) However, filing a timely claim with the VCGCB, even if a response is received, is not sufficient to exhaust a FTCA claim. To exhaust his remedies for a FTCA claim, Plaintiff must file a claim with the "appropriate federal agency." 28 U.S.C. § 2675(a). The VCGCB is a California state agency, not a federal agency. Therefore, Plaintiff's allegation that he filed a claim with the VCGCB does not satisfy the FTCA's claim presentation requirement.

Exhaustion in FTCA cases is jurisdictional, McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), and must be specifically pled, Franklin v. United States, No. 1:11 CV 00173 GSA PC, 2013 WL 2902844, at *2 (E.D. Cal. June 13, 2013). Plaintiff alleges that he submitted administrative claims to the Western Regional Director of the BOP for incidents occurring on July 22, 2014 and October 19, 2015, claim numbers TRT-PCF-2016-01101 and TRT-WXR-2016-05196, and that he exhausted these claims.

Plaintiff's evidence shows that claim number TRT-PCF-2016-01101 was received by the Western Regional Office of the BOP on December 1, 2015. (ECF No. 14 at 11.) Plaintiff sought $5,500,000.00 in compensation from Dr. Nguyen, Dr. Dikran Bairamian,[2] and Dr. Scarrow [not a defendant], based on allegations that Plaintiff received the wrong surgery on July 22, 2014, at the Medical Center in Modesto, California. (ECF No. 14 at 11, 13.) This

---

[2] Plaintiff misspells this name as Dr. Dikan Bairman on the claim form. (ECF No. 14 at 13 ¶11.)

claim was denied on December 3, 2015, because "the Memorial Medical Center is operated by a contractor" and is not a federal agency. (ECF No. 14 at 11.)

Plaintiff's evidence also shows that claim number TRT-WXR-2016-05196 was denied by the Western Regional Office of the BOP on September 6, 2016, for failure to establish that Plaintiff suffered a loss or personal injury as a result of staff negligence in this matter. (ECF No. 14 at 12.) Plaintiff sought $2,000,000.00 in compensation from Dr. Thomas Moore [not a defendant], Dr. Peikar, and the United States of America for alleged events at USP-Atwater, between October 19, 2015 and December 9, 2015, during which Plaintiff's lower back surgery was delayed, he was given the wrong medication, and he was treated with deliberate indifference. (ECF No. 14 at 12, 14.)

### B. Defendants Bairamian, Nguyen, and the Medical Center

Defendants Bairamian and Nguyen are physicians at the Medical Center in Modesto, California. Plaintiff has not established that defendants Bairamian and Nguyen are federal employees for purposes of the FTCA, or that the Medical Center is a federal agency. As discussed above, the federal government is not responsible under the FTCA for the negligence of the employees of other entities merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. Logue, 412 U.S. 521. Unless defendants Bairamian and Nguyen are employed by a federal agency and the Medical Center is a federal agency, Plaintiff cannot proceed against defendants Bairamian, Nguyen, or the Medical Center under the FTCA. There is no indication in the Second Amended Complaint or its exhibits that defendants Bairamian and Nguyen are federal employees and not contractors with the United States, or that the Medical Center is a federal agency. Therefore, Plaintiff fails to state an FTCA claim against defendants Bairamian, Nguyen, and the Medical Center.

### C. Defendants Peikar and Betz

Defendants Peikar and Betz are physicians at USP-Atwater. FTCA claim number TRT-WXR-2016-05196 does not exhaust Plaintiff's remedies for his claims against defendants Peikar and Betz. The only claims in the Second Amended Complaint against these two

defendants concern Plaintiff's surgery on July 22, 2014, and claim number TRT-WXR-2016-05196 does not address the July 22, 2014 surgery. This claim only concerns events between October 19, 2015 and December 9, 2015, during which Plaintiff's lower back surgery was delayed, he was given the wrong medication, and he was treated with deliberate indifference. There are no claims in the Second Amended Complaint concerning defendant Betz, events in 2015, or claims about delays in Plaintiff's lower back surgery or wrong medication.

Moreover, claim number TRT-WXR-2016-05196 was denied by the Western Region of the BOP on September 7, 2016, which was *after* Plaintiff filed the Complaint for this action on July 25, 2016. A plaintiff must exhaust the administrative remedies for his claims *before* he files an FTCA action in federal court. 28 U.S.C. § 2675(a) (emphasis added). Here, Plaintiff's remedies under claim number TRT-WXR-2016-05196 were not exhausted until *after* he filed this FTCA action. Therefore, Plaintiff has not properly exhausted his remedies for his claims against defendants Peikar and Betz in this case, and he fails to state an FTCA claim against defendants Peikar and Betz.

## V.     BIVENS CLAIMS

To the extent that Plaintiff seeks to bring medical claims under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), Plaintiff fails to state a claim against any of the Defendants. A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing see Shwarz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988).

7

Plaintiff must allege facts linking each named defendant to the violation of his rights. Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

**Eighth Amendment Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511

U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff's allegations are insufficient to support an Eighth Amendment medical claim against any of the Defendants. Plaintiff uses conclusory language without alleging facts supporting a claim that any of the Defendants deliberately disregarded an excessive risk of harm to his health. Farmer, 511 U.S. at 834. At most, Plaintiff may state a negligence claim, which is not cognizable under Bivens. Therefore, Plaintiff fails to state an Eighth Amendment medical claim under Bivens against any of the Defendants.

**VI. STATE LAW CLAIMS**

Plaintiff brings claims for medical battery and medical malpractice, which are state law claims. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In this case, the court has not found any cognizable federal claims in the Second Amended Complaint. Therefore, the court declines to exercise supplemental jurisdiction over

Plaintiff's state law claims.

**VII.  CONCLUSION AND RECOMMENDATIONS**

The court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted under the FTCA or Bivens.  The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court.  Plaintiff has now filed three complaints without stating any claims upon which relief may be granted.  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, it is **HEREBY RECOMMENDED** that:

1. This case be DISMISSED with prejudice for failure to state a claim;
2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk's Office be DIRECTED to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: __**August 26, 2018**__        _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE