UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DR. DIKRAN BAIRAMIAN, et al.,<br><br>　　　　　Defendants. | 1:16-cv-01066-LJO-GSA-PC<br><br>**ORDER IN RESPONSE TO PLAINTIFF'S OBJECTIONS FILED ON SEPTEMBER 27, 2018**<br>**(ECF No. 19.)** |

　　　　Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), state claims, and the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

　　　　On August 27, 2018, the Magistrate Judge entered findings and recommendations, recommending that this case be dismissed, with prejudice, based on Plaintiff's failure to state a claim. (ECF No. 16.) Plaintiff was granted fourteen days in which to file objections. (Id.) The fourteen-day deadline passed, and no objections were filed. On September 27, 2018, the undersigned issued an order adopting the findings and recommendations in full. (ECF No. 17.) The case was dismissed, with prejudice, and judgment was entered, closing the case. (ECF Nos. 17, 18.)

On the same date, September 27, 2018, Plaintiff filed objections to the Magistrate Judge's findings and recommendations. (ECF No. 19.) The objections were entered on the court's docket on September 28, 2018. (Id.) Under the mailbox rule, Plaintiff's objections are timely.[1]

Plaintiff's objections are now before the court. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court finds the findings and recommendations entered on August 27, 2018, to be supported by the record and proper analysis. Nothing in the objections calls into question the fundamental conclusions set forth in the findings and recommendations.

Accordingly, this case remains dismissed, with prejudice, pursuant to the court's order issued on September 27, 2018.

IT IS SO ORDERED.

Dated: __October 1, 2018__        **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Based on the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a *pro se* prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff had 14 days after August 27, 2018, in which to file objections to the Magistrate Judge's findings and recommendations. (ECF No. 16.) Pursuant to Rule 6(d), "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a). Fed. R. Civ. P. 6(d). Therefore, Plaintiff had 3 more days, until September 13, 2018, in which to file the objections. Plaintiff's objections were filed by the Clerk on September 27, 2018, which is two weeks after the deadline to file the objections. (ECF No. 19.) However, Plaintiff's signature on the objections is dated September 7, 2018, (Id. at 6), and Plaintiff declares under penalty of perjury that he handed the objections to prison officials for mailing on September 7, 2018, stating that "the Mailbox Rule governs the computation of time." (Id. at 7.) Based on this evidence, the court finds that Plaintiff's objections dated September 7, 2018 and filed by the Clerk on September 27, 2018, are timely under the mailbox rule.