UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT MCRAE,<br><br>Plaintiff,<br><br>v.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>Defendants. | 1:16-cv-01066-NONE-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document #42) |

On March 24, 2020, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff argues that he is proceeding *in forma pauperis* and cannot afford counsel. Plaintiff also argues that he has a medical condition, motility issues, limited access to the library, and limited knowledge of the law. Further, Plaintiff argues that he will need assistance at trial to present evidence and cross-examine witnesses. While these conditions are challenging for Plaintiff, they do not make Plaintiff's case exceptional. At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits. While the Ninth Circuit Court of Appeals found, with respect to Plaintiff's medical claim, that "[l]iberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." (ECF No. 26 at 3) citing Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004), this finding is not a determination that Plaintiff is likely to succeed on the merits. The legal issue in this case --whether the defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff's health -- is not complex. Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __March 26, 2020__        /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE