UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>    Plaintiff,<br><br>    vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>    Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT DR. KEVIN CUONG NGUYEN**<br>**(ECF No. 43.)** |

I.  **BACKGROUND**

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr. David Betts (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery.  (ECF No. 14.)

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.)  The court entered the defendant's name on the record as Bairamian Dikran.  (Court docket.)  In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian.  (ECF No. 32.)

On March 24, 2020, Plaintiff filed a motion for entry of default and default judgment against defendant Dr. Kevin Cuong Nguyen. (ECF No. 43.)   Defendants have not filed an opposition.

**II.     ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides:

> "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:  A defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A).

Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad where . . . it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

///

///

///

**Plaintiff's Motion**

Plaintiff argues that he should be awarded damages of $5.5 million and punitive damages of $7.5 million because on September 19, 2019 the Marshal served the summons and complaint on defendant Dr. Nguyen, and Dr. Nguyen has not filed an answer to the complaint.

**Discussion**

On September 19, 2019, the court issued an order directing the United States Marshal ("Marshal") to serve process upon defendants David Betz, Dikran Bairamian, and Dr. Kevin Cuong Nguyen. (ECF No. 30.) On November 22, 2019, defendant Bairamian filed an answer to the complaint. (ECF No. 32.) On December 11, 2019, defendant Betz filed an answer to the complaint. (ECF No. 36.)

On April 17, 2020, the Marshal filed a return of unexecuted service showing that the Marshal attempted service on defendant Nguyen at Nguyen's address of 1700 Coffee Road, Modesto, CA 95355, without success. (ECF No. 47.) On April 21, 2020, the court issued an order directing the Marshal to attempt re-service on defendant Nguyen at Nguyen's alternate address of 1604 Ford Avenue, Modesto, CA 95355. (ECF No. 48.) Thus, the court has no record to date that defendant Nguyen has been successfully served with process.

Because defendant Nguyen has not been served Plaintiff is not entitled to entry of default nor default judgment against Nguyen. Therefore, Plaintiff's motion shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for entry of default and default judgment against defendant Dr. Kevin Cuong Nguyen, filed on March 24, 2020, is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2020**                    /s/ Gary S. Austin
                                                         UNITED STATES MAGISTRATE JUDGE