UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>            Plaintiff,<br><br>      vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>            Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER STRIKING DISCOVERY DOCUMENT IMPROPERLY FILED WITH THE COURT**<br>**(ECF No. 39.)** |

      Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr. David Betts, for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery.  (ECF No. 14.)  This case is now in the discovery phase.

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.)  The court entered the defendant's name as Bairamian Dikran.  (Court docket.)  In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian.  (ECF No. 32.)

On February 24, 2020, Plaintiff filed a document entitled "Plaintiff [*sic*] Motion Requesting for [*sic*] Summaries of the Complete Medical Records." (ECF No. 39.)   In the motion, Plaintiff requests production of Plaintiff's complete medical records from defendant Bairamian within thirty days.  ((Id. at 2.)  Plaintiff states that he received some of his medical records from defendant Bairamian, but he does not have all of the medical records

In response, defendant Bairamian argues that Plaintiff's motion is unclear and unintelligible as to whom it is directed, as to the grounds for the motion, and as to what the subject of the motion is.  (ECF No. 41.)   In reference to the medical records that Plaintiff asserts he received, defendant Bairamian explains that he served records on all parties, including Plaintiff, in response to a demand by co-defendant Dr. Betz.  Defendant Bairamian also asserts that he has not received any discovery requests from Plaintiff and therefore, Plaintiff's motion cannot be seen as a motion to compel discovery responses.

Plaintiff's document is not fashioned as a motion to compel discovery directed to the court.  Instead, Plaintiff's document constitutes a discovery request to one of the defendants for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Plaintiff is advised that discovery documents should be sent to defense counsel, not to the court.  Fed. R. Civ. P. 33, 34, 36.  Pursuant to Local Rules, discovery documents including interrogatories, requests for production of documents, requests for admission, responses, and proofs of service, "shall not be filed unless and until there is a proceeding in which the document or proof of service is at issue."  L.R.  250.2(c), 250.3(c), 250.4(c).  Here, there is no indication that any discovery document is at issue in this case.[2]  Therefore, Plaintiff's request for production of his medical records from defendant Bairamian shall be stricken from the record as improperly filed.  The parties are expected to conduct discovery between the parties, without court intervention, until such discovery is at issue.

---

[2] In the event that any of the defendants fail to make disclosures or to cooperate in discovery, Plaintiff is referred to Federal Rule of Civil Procedure 37 which governs motions to compel.  Plaintiff should also refer to the court's Discovery and Scheduling Order filed on December 2, 2019 for information about conducting discovery.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion requesting summaries of medical records, filed on February 24, 2020, is STRICKEN from the record as improperly filed.[3]

IT IS SO ORDERED.

Dated: **April 23, 2020**     /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE

---

[3] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.