UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>　　　　Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER APPROVING PARTIES' STIPULATION TO EXTEND DEADLINES IN COURT'S SCHEDULING ORDER (ECF No. 62**.)<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>**New Discovery Deadline**</u>:　　　October 2, 2020<br><br><u>**New Dispositive Motions Deadline**</u>:　December 2, 2020 |

**I.　BACKGROUND**

　　Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr. David Betts, for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery. (ECF No. 14.)

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.) The court entered the defendant's name as Bairamian Dikran. (Court docket.) In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian. (ECF No. 32.)

1    On December 2, 2019, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of June 2, 2020, and a dispositive motions deadline of August 2, 2020.  (ECF No. 35.)  This case is now in the discovery phase.

On May 19, 2020, the parties filed a stipulation and proposed order amending the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order.  (ECF No. 62.)

## II.    MODIFICATION OF SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the modification.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The parties to this case have stipulated to an extension of the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order due to "the current State of Emergency and threat of COVID-19[, which] have impacted the parties' ability to conduct discovery, in particular depositions, in this case."  (ECF No. 62 at 2:17-18.)  The parties' proposed schedule is for discovery, including the filing of any motions to compel, to be completed on or before October 2, 2020, and for dispositive motions be filed on or before December 2, 2020.  (Id. at 2-3.)

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order.  The parties have shown that even with the exercise of due diligence, they cannot meet the requirements of the order.  Therefore, the parties' stipulation shall be approved and the deadlines shall be extended.

///

///

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulation to modify the court's Discovery and Scheduling Order, filed on May 19, 2020, is approved in full;
2. The deadline for the completion of discovery, including the filing of any motions to compel, is extended from June 2, 2020 to **October 2, 2020** for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from August 2, 2020 to **December 2, 2020** for all parties to this action; and
4. All other provisions of the court's December 2, 2019 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **May 20, 2020**                              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE