UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>             Plaintiff,<br><br>      vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>             Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, WITH PREJUDICE**<br>**(ECF Nos. 57, 58.)** |

## I.      BACKGROUND

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, and Dr. David Betz (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery.  (ECF No. 14.)

On May 14, 2020, Plaintiff filed a motion for leave to amend the complaint.  (ECF No. 58.)  On May 29, 2020, defendant Betz filed an opposition to the motion.  (ECF No. 65.)  On June 8, 2020, Plaintiff filed a reply to the opposition.  (ECF No. 67.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading of 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Id. Here, because Plaintiff has already amended the complaint more than once, Plaintiff requires leave of court or Defendants' consent to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## III. PLAINTIFF'S MOTION

Plaintiff requests leave to file a Third Amended Complaint. In support of his motion Plaintiff sets forth an attachment containing nine numbered paragraphs providing information about his case's background, allegations, claims, request for relief and discovery.

In opposition to Plaintiff's motion, defendant Betz first argues that the motion was filed after the March 31, 2020 deadline to amend pleadings and must be denied. Defendant Betz also asserts that Plaintiff did not include a copy of the proposed complaint he seeks to file, nor even identify what causes of action or parties he seeks to add. Defendant Betz finds Plaintiff's references to potential product liability claims -- counterfeit hardware screws and questions about potential kickbacks -- to be highly prejudicial to Defendant, and he argues that such radically different claims would impose new discovery burdens and necessitate the expenditure of

considerably more time and money to defend the claims. Defendant also argues that allowing Plaintiff's amended complaint would be futile because a civil action cannot require an anesthesiologist to remove surgical hardware from a former patient, or a cause of action for the production of documents.

Plaintiff replies that his original request to amend the complaint, filed on March 25, 2020,[1] was not untimely because the court's order provided that any requests to amend the pleading must be filed by March 31, 2020. Plaintiff contends that he exercised due diligence in filing later versions of the motion to amend, and Rule 15 (a) allows a party to amend its pleading by leave of court, or written consent of the adverse party, and leave shall be freely given when justice so requires. Plaintiff argues that he is not seeking to amend the complaint in bad faith and there appears no prejudice to Defendants as defendant David Betz filed an opposition to Plaintiff's motion and defendant Bairamian does not oppose Plaintiff's motion.

### IV.   DISCUSSION

Plaintiff's motion for leave to amend is appended with an attachment containing nine numbered paragraphs providing information about his case's background, allegations, claims, request for relief and discovery. Three of Plaintiff's nine paragraphs are presented here as examples:

> (1)(A) The Ninth Circuit Court of Appeal and the District Court found that Plaintiff's allegations in his second amended complaint that defendants performed wrongful surgery on plaintiff's back without his consent . . . are sufficient to warrant ordering defendants to file an answer.

(ECF No. 58 at 7 at 1.)

///

---

[1] On March 30, 2020, Plaintiff filed his first motion for leave to amend with a proof of service dated March 20, 2020. (ECF No.45.) On April 27, 2020, the court issued an order striking Plaintiff's first motion because it was not signed by Plaintiff. (ECF No. 52.) On May 8, 2020, Plaintiff filed his second motion for leave to amend. (ECF No. 57.) On May 14, 2020, Plaintiff filed his third motion to amend. (ECF No. 58.) The third motion is identical to the motion filed by Plaintiff on May 8, 2020, except that Plaintiff added his signature to both his motion and to his attachments in the May 14, 2020 motion. (See ECF Nos. 57 and 58 at pg. 3.)

    (2)    Plaintiff states that these defendants gave Plaintiff a wrongful surgery and implanted counterfeit hardware screws in Plaintiff's back without Plaintiff's knowledge or consent constitutes an Eighth Amendment violation and medical battery.

(Id.)

    (2)(E)    Plaintiff's request that according to the information and belief, these defendants have medical invoices from the B.O.P. from Plaintiff's back surgery. Plaintiff requests these documents from the defendants [that] was never received. Plaintiff wishes to know, along with the court from defendant and the trial court records, whether these defendants received kickbacks from governmental programs, from plaintiff's wrongful surgery on July 11, 2014.

(Id. at 3.)

A request for leave to amend must be made by a motion and "state with particularity the grounds for seeking the order [and] state the relief sought." Fed. R. Civ. P. 7(b)(1). In addition, because the time to amend as a matter of course[2] has expired in this case, Plaintiff is required to file a copy of the proposed Third Amended Complaint with the motion:

> If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules. If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules and the Federal Rules of Civil and Criminal Procedure.

(L.R. 137(c).)

---

[2] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here. because Plaintiff has amended the complaint before he requires leave of court or consent of the adverse party to amend the Second Amended Complaint.

Plaintiff's motion for leave to amend does not state "with particularity" Plaintiff's grounds for seeking leave to amend the Second Amended Complaint, and Plaintiff's list attached to the motion is not a proposed Third Amended Complaint.  As with any complaint, an amended complaint must state what each defendant personally did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Plaintiff has not satisfied these requirements.  Therefore, Plaintiff's motion for leave to amend is deficient and must be denied.

Plaintiff shall not be granted leave to file another motion for leave to amend.  The March 31, 2020, deadline has expired and amending the complaint at this stage of the proceedings would be prejudicial to Defendants.  This case has been pending for nearly four years and all of the parties recently stipulated to an extension of discovery due to the impact of COVID-19 threats on their ability to conduct discovery, in particular depositions.  Amending the complaint to add another claim concerning Plaintiff's surgery, which took place in 2014, would extend the litigation again for a claim that Plaintiff could have added years ago.

Therefore, based on the foregoing, Plaintiff's motion for leave to amend the complaint shall be denied.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend, filed on May 14, 2020, is DENIED with prejudice.

IT IS SO ORDERED.

Dated: __**June 11, 2020**__           __/s/ Gary S. Austin__
                                                                       UNITED STATES MAGISTRATE JUDGE