UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>　　　　　Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF Nos. 60.)** |

## I.　　BACKGROUND

　　Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, and Dr. David Betz (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery.  (ECF No. 14.)

　　On May 14, 2020, Plaintiff filed a request for judicial notice.  (ECF No. 60.)  No opposition has been filed.  Plaintiff's request for judicial notice is now before the court.  Local Rule 230(*l*).

## II. REQUEST FOR JUDICIAL NOTICE

Rule 201 of the Federal Rules of Evidence governs judicial notice. "The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). The content of records and reports of administrative bodies are proper subjects for judicial notice under Rule 201(b). Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953). A court may also take judicial notice of the contents of public records. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).

The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

## III. PLAINTIFF'S REQUEST

Plaintiff requests the Court to take judicial notice of the following:

A.  Plaintiff's original complaint filed on July 25, 2016;

B.  Plaintiff's second amend[ed complaint] filed on March 9, 2018;

C.  Plaintiff's [claim] filed on January 8, 2015 to the Government Claims Board;

D.  Ninth Circuit Court of Appeals [order issued] on June 18, 2019, Revers[ing] and Remand[ing];

E.  On August 23, 2019, the date [this court] grant[ed] supplemental Jurisdiction; and

   F. On August 23, 2019, Summons for named defendants for second amended complaint.

### III. DISCUSSION

Plaintiff requests the Court to take judicial notice of certain documents and dates, purportedly for use in future proceedings in this case. All of the documents are part of the record already because they have been filed in this case or attached as exhibits to documents filed in this case.

Documents A, B, D, and E are documents filed with the court on the specified dates. The court may take notice of court documents and the dates they were filed.

Document C is the claim Plaintiff submitted to the Government Claims Board pertaining to exhaustion of administrative remedies. A copy of the claim is attached as an exhibit to Plaintiff's Second Amended Complaint. (ECF No. 14 at 18-19.) Plaintiff's claim is part of a state administrative proceeding and can be judicially noticed as a public record. Ritchie, 342 F.3d at 909.

Document F refers to a blank summons attached as an exhibit to the court's August 23, 2019 order and forwarded to Plaintiff by the court for completion and return by Plaintiff to initiate service. (ECF No. 28-1 at 3.) This is a blank government form (AO 440) and part of the court record and may be judicially noticed.

The facts contained in the records are not either generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned, and therefore are not subject to judicial notice.

The court cannot discern what relevance these six documents have to the issues raised by Plaintiff's motion for leave to amend, or motion for reconsideration, both which were filed on May 14, 2020, the same date Plaintiff filed his request for judicial notice. Insofar as Plaintiff requests the Court to have them admitted as evidence to substantiate his claims at a later time in this action, the request is premature. Therefore, Plaintiff's request for judicial notice shall be denied.

///

///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for judicial notice, filed on May 14, 2020, is DENIED.

IT IS SO ORDERED.

Dated:   **June 11, 2020**                              **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE