UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>    Plaintiff,<br><br>    vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>    Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**(ECF Nos. 60.)** |

**I.    BACKGROUND**

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, and Dr. David Betz (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery.  (ECF No. 14.)

On May 14, 2020, Plaintiff filed a motion for reconsideration of the court's April 27, 2020 order.  (ECF No. 61.)  On May 29, 2020, defendant Dr. David Betz filed an opposition to the motion.  (ECF No. 67.)  Plaintiff has not filed a reply.  Plaintiff's motion for reconsideration is now before the court.  Local Rule 230(*l*).

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. Plaintiff's Motion

Plaintiff requests reconsideration of the court's order of April 27, 2020, which struck Plaintiff's motion for leave to amend filed on March 30, 2020, for lack of Plaintiff's signature. (ECF No. 52.) Plaintiff argues that the order should be vacated because he promptly corrected the omission of his signature when the court called it to his attention.

In opposition, defendant Betz argues that Plaintiff does not present any evidence or any authority to show that the court committed clear error, or that there was an intervening change in the law after he filed his March 30, 2020, motion for leave to amend. Defendant Betz also argues

that granting Plaintiff's motion for reconsideration is futile because Plaintiff's March 30, 2020, motion was procedurally improper and could not have been granted even if it was signed. Defendant Betz contends that Plaintiff's motion for leave to amend was deficient because he did not state the legal grounds for amending the complaint or include a proposed amended complaint.

### C. Discussion and Conclusion

Defendant Betz's arguments have merit, and Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration, filed on May 14, 2020, is DENIED.

IT IS SO ORDERED.

    Dated:  **June 12, 2020**              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE