UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>        Plaintiff,<br><br>   vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>        Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER APPROVING PARTIES' STIPULATION TO MODIFY DEADLINES IN COURT'S SCHEDULING ORDER (ECF No. 78**.)<br><br>**Dispositive Motions Deadline:**   **December 2, 2020**<br><br>**Conditional Deadlines:**        **See Order** |

## I. BACKGROUND

Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr. David Betts, for inadequate medical care under the Eighth Amendment, and state law claims for medical malpractice and medical battery. (ECF No. 14.)

On December 2, 2019, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of June 2, 2020, and a dispositive

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.) The court entered the defendant's name as Bairamian Dikran. (Court docket.) In his Answer to the complaint defense counsel clarifies that this defendant's name is Dikran Bairamian. (ECF No. 32.)

1

motions deadline of August 2, 2020.  (ECF No. 35.)  On May 20, 2020, the court extended the discovery deadline to October 2, 2020, and the dispositive motions deadline to December 2, 2020.  (ECF No. 63.)

On September 30, 2020, the parties filed a stipulation and proposed order modifying the deadlines in the court's Discovery and Scheduling Order.  (ECF No. 78.)

**II.     MODIFICATION OF SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the modification.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Due to the current State of Emergency[2] and threat of COVID-19, which continues to impact the parties' ability to conduct discovery, the parties to this case have proposed the following schedule:

1.    Depositions of any party to this case, including the filing of any motions to compel, SHALL be completed within 90 days of the Court's ruling on defendants' dispositive motions; and

2.    The dispositive motions deadline shall remain the same – specifically, dispositive motions must still be filed on or before 12/02/20.

The court finds good cause to modify the deadlines in the court's Discovery and Scheduling Order.  The parties have shown that even with the exercise of due diligence, they cannot meet the requirements of the order.  Therefore, the parties' stipulation shall be approved and the deadlines shall be modified.

---

[2] On March 4, 2020, California Governor Gavin Newsom issued Executive Order N-54-20, declaring a State of Emergency as a result of the threat of COVID-19.  (Stipulation, ECF No. 73 at 2:7-8.)

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulation to modify the court's Discovery and Scheduling Order, filed on September 30, 2020, is approved in its entirety;

2. The deadline for filing and serving pretrial dispositive motions remains the same, **December 2, 2020** for all parties to this action;

3. Depositions of any party to this case and the filing of any motions to compel shall be completed within 90 days of the Court's ruling on defendants' dispositive motions; and

4. All other provisions of the court's December 2, 2019 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **October 2, 2020**                   **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE