UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>      Plaintiff,<br><br>vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>      Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW HIS OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND FILE AMENDED OPPOSITIONS IN LIGHT OF *RAND* NOTICE**<br><br>**THIRTY- DAY DEADLINE** |

**I.   BACKGROUND**

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, and Dr. David Betz (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery. (ECF No. 14.)

On October 23, 2020, defendant Bairamian filed a motion for summary judgment, (ECF No. 80), and on October 27, 2020, defendant Betz filed a motion for summary judgment, (ECF No. 81). On December 4, 2020, Plaintiff filed a consolidated opposition to both of the motions. (ECF No. 88.) On December 4, 2020, defendant Bairamian filed a reply to the opposition, (ECF No. 87), and on December 10, 2020, defendant Betz filed a reply to the opposition, (ECF No. 89).

Neither defendant Bairamian nor defendant Betz provided Plaintiff with a *Rand*[2] Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing Plaintiff of his rights and responsibilities in opposing Defendants' motions for summary judgment. Therefore, the court shall, by this order, provide Plaintiff with a *Rand* Notice and Warning and allow him an opportunity to withdraw his oppositions to Defendants' pending motions for summary judgment and file amended oppositions to the pending motions for summary judgment.

Plaintiff is advised not to file both of his amended oppositions in one document. The motions for summary judgment are two distinctly separate motions that require different responses. Consolidating both of Plaintiff's oppositions into one document may prejudice Plaintiff and therefore is discouraged

## II.     *RAND* NOTICE AND WARNING

In the Ninth Circuit, when the plaintiff is a prisoner proceeding *pro se* in a civil rights case, and a defendant files a motion for summary judgment or a motion to dismiss for failure to exhaust administrative remedies, the defendant or the court is required to provide plaintiff with a Notice and Warning informing the plaintiff of his or her rights and responsibilities in opposing the motion. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).[1]    The court shall, by this notice, notify Plaintiff of the following rights and requirements for opposing Defendants' motions for summary judgment:

---

[1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (*en banc*).

## NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Pursuant to Woods v. Carey, the Court now hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motions for summary judgment. Woods, 684 F.3d 934 (Fair notice of the requirements needed to defeat a defendant's motion for summary judgment must be provided to a *pro se* prisoner litigant in a civil rights case.) If . . . defendants fail to provide appropriate notice, "the ultimate responsibility of assuring that the prisoner receives fair notice remains with the district court." Woods, 684 F.3d at 940.

**NOTICE AND WARNING:**

**The defendants have made motions for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[2] that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If**

---

[2] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).

**you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

**Unless otherwise ordered, all motions for summary judgment shall be briefed pursuant to Local Rule 230(*l*). Plaintiff is required to file an opposition or a statement of non-opposition to each of Defendants' motions for summary judgment. Local Rule 230(*l*). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motions, this action may be dismissed, with prejudice, for failure to prosecute</u>. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. <u>Id.</u>**

**If responding to Defendants' motions for summary judgment, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. <u>See</u> Fed. R. Civ. P. 43(c). Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.**

## <u>EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS</u>

**In accordance with Local Rule 260(a), Defendants have each filed a Statement of Undisputed Facts that contains discrete, specific material facts to support their entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support**

**of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." Id. You are responsible for filing all evidentiary documents cited in the opposing papers. Id. If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." See also Fed. R. Civ. P. 56(d).**

### III.    CONCLUSION AND ORDER

Pursuant to the Ninth Circuit's decision in Woods, Plaintiff has now been provided with "fair notice" of the requirements for opposing Defendants' motion for summary judgment. In light of this notice the court finds good cause at this juncture to open a thirty-day time period for Plaintiff to file further opposition to Defendants' motions for summary judgment, if he so wishes. The court will not consider multiple oppositions to one motion, however, and Plaintiff has two options upon receipt of this order. Plaintiff may either (1) stand on his previously-filed consolidated opposition or (2) withdraw the consolidated opposition and file separate amended oppositions to the two pending motions for summary judgment. The amended oppositions, if any, must be complete in themselves and must not refer back to any of the opposition documents Plaintiff filed on December 4, 2020. L.R. 220.[5]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order, (1) withdraw his consolidated opposition filed on December 4, 2020, and (2) file two amended oppositions, one for defendant Bairamian's motion for summary judgment and one for defendant Betz's motion for summary judgment;

---

[5] Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

2. If Plaintiff does not file amended oppositions in response to this order within thirty days, Plaintiff's existing consolidated opposition, filed on December 4, 2020, will be considered in resolving the pending motions for summary judgment; and

3. If Plaintiff elects to file amended oppositions, Defendants may file replies to each of the amended oppositions pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

    Dated:   **January 11, 2021**               **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE