UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>     Plaintiff,<br><br>vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>     Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT NGUYEN SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE**<br>**(ECF Nos. 47, 90.)**<br><br>**THIRTY DAY DEADLINE** |

**I.     RELEVANT PROCEDURAL HISTORY**

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, and Dr. David Betz (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery. (ECF No. 14.)

On September 19, 2019, the court issued an order directing the United States Marshal ("Marshal") to serve process upon defendants Bairamian, Nguyen, and Betz. (ECF No. 30.) On April 17, 2020, the Marshal filed a return of service unexecuted as to defendant Nguyen indicating that the Marshal was unable to locate defendant Nguyen for service of process at the address given: Memorial Medical Center, 1700 Coffee Road, Modesto, California 95355. (ECF No. 47.) The Marshal stated that defendant Nguyen is no longer employed at Memorial Medical Center and there was no forwarding address. (Id.)

On April 21, 2020, the court issued an order directing the Marshal to serve process upon defendant Nguyen at an alternate address given by Plaintiff: 1604 Ford Avenue, Modesto, California 95355. (ECF No. 48.) On December 17, 2020, the Marshal filed a return of service unexecuted as to defendant Nguyen indicating that the Marshal was unable to locate defendant Nguyen for service of process at the 1604 Ford Avenue address. (ECF No. 90.) The Marshal stated that their mail was returned by the United States Postal Service due to insufficient address, and no alternate address was provided. (Id.)

## II.  SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the

defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant Nguyen should not be dismissed from this action for failure to serve process.  Plaintiff has not provided sufficient information to identify and locate defendant Nguyen for service of process.  If Plaintiff is unable to provide the Marshal with additional information, defendant Nguyen shall be dismissed from this action.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why defendant Nguyen should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order may result in the dismissal of defendant Nguyen or dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated: **January 15, 2021**        /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE