UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>　　　　Defendants. | 1:16-01066-NONE-GSA-PC<br><br>ORDER STRIKING IMPERMISSIBLE SURREPLY<br>(ECF No. 92.) |

## I.　BACKGROUND

Michael Scott McRae ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr.  David Betts, for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery.  (ECF No. 14.)

On October 23, 2020, defendant Bairamian filed a motion for summary judgment.  (ECF No. 80.)  On October 27, 2020, defendant Betz filed a motion for summary judgment.  (ECF No. 81.)

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.)  The court entered the defendant's name as Bairamian Dikran.  (Court docket.)  In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian.  (ECF No. 32.)

On December 4, 2020, Plaintiff filed an opposition to <u>both</u> of the motions for summary judgment. (ECF No. 88.)

On December 4, 2020, defendant Bairamian filed a reply to Plaintiff's opposition. (ECF No. 87.)  On December 10, 2020, defendant Betz filed a reply to Plaintiff's opposition. (ECF No. 89.)

On December 23, 2020, Plaintiff filed a response to <u>both</u> of the defendants' replies. (ECF No. 92.)  The court construes Plaintiff's response to defendants' replies as an impermissible surreply.

## II.   SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  <u>Hill v. England</u>, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's response to both defendants' replies is a surreply because it was filed on December 23, 2020, after both of the defendants' motions were fully briefed.  Defendant Bairamian's motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on December 4, 2020 when defendant Bairamian filed a reply to Plaintiff's opposition, (ECF No. 87); and, defendant Betz's motion for summary judgment was fully briefed on December 10, 2020 when defendant Betz filed a reply to Plaintiff's opposition, (ECF No. 89). In this case, the court neither requested a surreply nor granted a request on behalf of Plaintiff to file a surreply.  Plaintiff has not shown good cause for the court to allow him to file any surreply at this juncture.  Therefore, Plaintiff's surreply shall be stricken from the record.[2]

---

[2] A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 3 at 2 ¶II.A.)

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on December 23, 2020, is STRICKEN from the court's record.

IT IS SO ORDERED.

    Dated: **March 2, 2021**                              **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE