UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>    Plaintiff,<br><br>    v.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>    Defendants. | 1:16-01066-NONE-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA, WITHOUT PREJUDICE<br>(ECF No. 95.)<br><br>ORDER FOR CLERK TO SEND PLAINTIFF COPY OF RULE 34 |

    Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr. David Betts for inadequate medical care under the Eighth Amendment, and state law claims for medical malpractice and medical battery. (ECF No. 14.) This case is now in the discovery phase pursuant to the court's scheduling order issued on October 2, 2020. (ECF No. 32.)

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.) The court entered the defendant's name as Bairamian Dikran. (Court docket.) In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian. (ECF No. 32.)

1

On February 19, 2021, Plaintiff filed a request for the issuance of a non-party subpoena duces tecum to compel production of Plaintiff's medical records from his current doctors at the Neurology and Pain Management Center in Fayetteville, North Carolina. (ECF No. 95.)

For the reasons set forth below, Plaintiff's request is denied without prejudice to renewal of the request.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena duces tecum commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents.  Fed. R. Civ. P. 34.  It appears to the Court that the documents sought by Plaintiff may be available to Plaintiff through a written request to his current doctors, to the Neurology and Pain Management Center, or to another of Plaintiff's medical providers.  Plaintiff's medical records may also be available from the defendants through a request for production of documents.  Fed. R. Civ. P. 34.  Plaintiff has not demonstrated that he made such a request to his doctors, to the Neurology and Pain Management Center, to his other medical providers, or to either of the Defendants for production of these documents, nor has Plaintiff filed a motion to compel Defendants to produce the requested documents.

Should Plaintiff choose to file another request for the issuance of a subpoena duces tecum, Plaintiff must (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party.  Also, documents requested must fall within the scope of discovery allowed in this action.[2]

///

---

[2] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the issuance of a subpoena, filed on February 17, 2021, is DENIED without prejudice to renewal of the request as instructed by this order; and

2. The Clerk of Court is directed to send Plaintiff a copy of Rule 34 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **March 3, 2021**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE