UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>    Plaintiff,<br><br>    v.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>    Defendants. | 1:16-01066-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT BAIRAMIAN'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AS TO BIVENS CLAIMS, AND THAT THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**<br>**(ECF No. 80.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr. David Betz, alleging a <u>Bivens</u> claim for inadequate medical care under the Eighth Amendment and state law claims for medical malpractice and medical battery. (ECF No. 14.)

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.) The court entered the defendant's name as Bairamian Dikran. (Court docket.) In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian. (ECF No. 32.)

1

1 On October 23, 2020, defendant Dr. Bairamian ("Defendant") filed a motion for summary judgment, or in the alternative, for partial summary judgment.[2] (ECF No. 80.) On December 4, 2020, Plaintiff filed an opposition to the motion.[3] (ECF No. 88.) On December 4, 2020, Defendant filed a reply to the opposition. (ECF No. 89.) Pursuant to Local Rule 230(*l*), this motion is now before the court.

For the reasons set forth below, the court recommends that the court grant summary judgment in Defendant's favor on Plaintiff's <u>Bivens</u> claim and that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## II. SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Washington Mut. Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3);

///

---

[2] In the alternative, defendant Dr. Bairamian asks for an order granting partial summary judgment pursuant to Fed. R. Civ. P. Rule 56 as to the causes of action to which Plaintiff is not able to raise a triable issue of fact.

[3] Defendant failed to serve Plaintiff with the requisite notice of the requirements for opposing the motion for summary judgment. <u>Woods v. Carey</u>, 684 F.3d 934, 939-41 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998). However, on January 11, 2021, the court provided Plaintiff with a Rand Notice and Warning and allowed him an opportunity to withdraw his previously-filed opposition to Defendant's pending motion for summary judgment and file an amended opposition to the pending motion for summary judgment, within thirty days. (ECF No. 91.) The thirty-day time period expired and Plaintiff did not withdraw his opposition nor file any new opposition. Thus, Plaintiff is proceeding with his opposition filed on December 4, 2020. (ECF No. 88.)

Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he only needs to prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In arriving at these findings and recommendations, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

///
///
///
///

## III. PLAINTIFF'S ALLEGATIONS -- SECOND AMENDED COMPLAINT[4]

The events at issue in the Second Amended Complaint allegedly occurred when Plaintiff was incarcerated at the United States Penitentiary (USP)-Atwater in Atwater, California, in the custody of the Federal Bureau of Prisons (BOP).

Plaintiff's allegations follow:

Plaintiff fell on the wet kitchen floor at USP-Atwater and was taken to the infirmary for an examination by Dr. Peikar [not a defendant], Plaintiff's doctor. For several months afterward Plaintiff submitted medical request forms to obtain additional medical care. Dr. Peikar knew the extent of Plaintiff's pain and medical condition. Dr. Peikar also knew that the delay in treatment was largely ineffective, but declined to do anything more to attempt to improve Plaintiff's medical situation.

Defendant Dr. Bairamian, a private doctor contracted with the BOP, arrived at USP-Atwater to assess Plaintiff's lower back for surgery. After an examination and x-rays, Dr. Bairamian informed Plaintiff that surgery was necessary. Plaintiff asked both doctors, Peikar and Bairamian, if there was an alternative to surgery and was told that if surgery was not performed Plaintiff would become paralyzed or die. Plaintiff elected to have the lower back surgery.

On July 22, 2014, Plaintiff was escorted to the Medical Center in Modesto, California, for treatment and surgery on his <u>lower</u> back by defendants Dr. Bairamian, Dr. Nguyen, and Dr. Betz. Without Plaintiff's knowledge or consent, Plaintiff was given the wrong surgery, on his <u>upper</u> back, which left Plaintiff unable to walk correctly and with long-term injury to his back.

Plaintiff requests monetary relief and costs of suit.

///

///

---

[4] Plaintiff's Second Amended Complaint is verified, and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence. <u>Jones v. Blanas</u>, 393 F.3d 918, 922-23 (9th Cir. 2004). The summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations are admissible. The court will address, to the extent necessary, the admissibility of Plaintiff's evidence in the sections which follow.

///

///

## IV. DEFENDANT BAIRAMIAN'S UNDISPUTED FACTS (DUF)[5]

Defendant Bairamian submitted this statement of undisputed facts in support of his motion for summary judgment. These facts are undisputed for purposes of this motion only, Defendant reserves the right to present different or additional facts at trial.

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 1. Plaintiff presented to moving defendant Dr. Dikran Bairamian on September 12, 2013 with lower thoracic pain, which began in January 2013. | 1. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 34; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 3-4. |
| 2. It was noted during the September 12, 2013 visit that Plaintiff's pain was on the lower left side of the thoracic portion of the spine and radiated around his chest wall towards the area of the sternum. Plaintiff exhibited weakness in his legs, but did not have radicular pain or bowel or bladder problems. | 2. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 34; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 3-4. |
| 3. Sensory testing on September 12, 2013 showed Plaintiff had decreased sensitivity to touch and pin prick in the lower thoracic area. | 3. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 35; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 3-4 . |

---

[5] Plaintiff failed to properly address Defendant's statement of undisputed facts as required by Local Rule 260(b). Accordingly, the court may consider Defendant's assertions of fact as undisputed for purposes of this motion. Id; Fed. R. Civ. P. 56(e)(2). However, in light of the Ninth Circuit's directive that a document filed *pro se* is "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, and Rule 8(e) of the Federal Rules of Civil Procedure provides that "[p]leadings shall be construed so as to do justice," see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), the court shall strive to resolve this motion for summary judgment on the merits.

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 4. Dr. Bairamian's impression was leftsided pain with thoracic radiculopathy and lower extremity weakness. | 4. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 35; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 4. |
| 5. Dr. Bairamian determined that Plaintiff needed further evaluation with a thoracic spine MRI. | 5. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 35; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 4. |
| 6. Plaintiff underwent an MRI of the Thoracic Spine with and without contrast on April 16, 2014. The MRI revealed that at T2-3 there was considerable hypertrophy of the ligamentum flava, right greater than left. The MRI report stated that this was causing posterolateral compression of the thoracic cord, particularly on the right, and circumferential stenosis. There was also associated focal myelomalacia within the thoracic cord. | 6. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 41-42; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 1-2.; see also Exhibit C, records from Turlock Imaging Services, p. 8-10. |
| 7. Plaintiff returned to see Dr. Bairamian on April 24, 2014. At that visit his symptoms were the same as his September 2013 visit, except that it was noted that Plaintiff stated that when he had to have a bowel movement or urinate that he had to push harder. | 7. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 32; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 1-2. |

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 8. At the April 24, 2014 visit Dr. Bairamian noted that the thoracic MRI showed cord compression at T2-3 Dr. Bairamian's impression was thoracic myelopathy secondary to T2- 3 cord compression with cord signal most probably secondary to edema. | 8. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 32; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 1-2. |
| 9. Dr. Bairamian told the Plaintiff that surgery was indicated to relieve the pressure off of the cord. Risks and benefits of the surgery were discussed. Plaintiff told Dr. Bairamian that he needed to think about it before making a final decision. | 9. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 33; see also Exhibit B, Decl. of Dr. Bairamian, ¶ 2, and Exhibit 1, p. 1-2. |
| 10. In July, Dr. Bairamian's office was contacted and Dr. Bairamian was informed that Mr. McRae had decided that he wanted to go forward with the procedure he had recommended previously. Dr. Bairamian encouraged the prison to take Mr. McRae to Memorial Medical Center and have him admitted through the emergency department in order to facilitate expedited access to surgery. | 10. See Exhibit B, Declaration of Dr. Bairamian, ¶ 3. |
| 11. Plaintiff presented to Memorial Medical Center (hereafter "MMC") in Modesto on July 22, 2014, and was admitted through the Emergency Department. | 11. See Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 3. |

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 12. Dr. Bairamian met with Plaintiff prior to his surgery and again explained the procedure to him and the indications for surgery. | 12. See Exhibit B, Declaration of Dr. Bairamian, ¶ 4; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 4-6. |
| 13. Mr. McRae consented to a thoracic laminectomy. | 13. See Exhibit B, Declaration of Dr. Bairamian, ¶ 4; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 367-370. |
| 14. The surgery went forward on July 23, 2014. The surgery performed was a thoracic laminectomy. | 14. See Exhibit B, Declaration of Dr. Bairamian, ¶ 5; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 12-13; see also Exhibit E, Decl. of Dr. McCormack, ¶ 4(p). |
| 15. The procedure performed by Dr. Bairamian is documented in his July 23, 2014 operative report. That report reflects that the lower 3/4 of the spinous process of T2 were removed. Then a lower 3/4 of T2 and upper one third of T3 laminectomy was performed with the Midas Rex drill using a diamond bur and 1 and 2 mm Kerrison punches. During the procedure it was noted that there was hypertrophy of the ligamentum flavum and tremendous hypertrophy of the facets compressing the thecal sac at T2. A medial facetectomy was performed bilaterally, and cord decompression was achieved. No hardware was placed by Dr. Bairamian during the procedure. | 15. See Exhibit B, Declaration of Dr. Bairamian, ¶ 5, Exhibit 1, p. 5-6; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 12-13; see also Exhibit E, Decl. of Dr. McCormack, ¶ 4(q-s). |

| **Undisputed Material Facts** | **Supporting Evidence** |
| --- | --- |
| 16. No complications were noted with the procedure. | 16. See Exhibit B, Declaration of Dr. Bairamian, ¶ 5, Exhibit 1, p. 5-6; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 12-13; see also Exhibit E, Decl. of Dr. McCormack, ¶ 4(t). |
| 17. The procedure performed on Plaintiff was consistent with the authorization and consent signed by Plaintiff. | 17. See Exhibit B, Decl. of Dr. Bairamian, ¶ 2-5; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 12-13, 367-370; see also Exhibit E, Decl. of Dr. McCormack, ¶ 4(u), 9,10, 13. |
| 18. Following the surgery, Plaintiff participated in physical therapy at MMC and progressed as expected and was ready for discharge on July 28, 2014. Plaintiff was discharged back to the correctional facility with orders for physical therapy 2-3 times per week. | 18. See Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 2, 29-31, 35-36. |
| 19. Plaintiff followed up with Dr. Bairamian on September 10, 2014. It was noted that he was status post lower 3/4 of T2, upper 1/3 of T3 laminectomy and decompression of the spinal cord. At the visit it was noted that Plaintiff continued to have lower extremity weakness. | 19. See Exhibit A, Plaintiff's medical records from Dr. Bairamian, p. 31. |
| 20. On July 25, 2016, Plaintiff filed the Complaint commencing this action. | 20. See ECF, No. 1. |

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 21. On September 27, 2018, the court dismissed this case, with prejudice, for failure to state a claim and entered judgment against Plaintiff. | 21. See ECF Nos. 17, 18. |
| 22. On October 15, 2018, Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals. | 22. See ECF No. 21. |
| 23. On June 18, 2019, the Ninth Circuit issued a memorandum affirming in part, reversing in part, and remanding the case to the district court. The Ninth Circuit affirmed the dismissal of Plaintiff's FTCA claim but found that Plaintiff's allegations of deliberate indifference under the Eighth Amendment, liberally construed, were sufficient to warrant ordering defendants to file an answer; reversed and remanded Plaintiff's Bivens claims; and directed the district court to reconsider whether to exercise supplemental jurisdiction over Plaintiff's state law claims. | 23. See ECF No. 26. |
| 24. On August 23, 2019, the District Court issued an order that Plaintiff's Second Amended Complaint (ECF No. 14) would go forward on Plaintiff's Bivens claims for inadequate medical care under the Eighth Amendment and the state tort claims for medical malpractice and medical battery. | 24. See ECF No. 28. |
| 25. The care and treatment provided by Dr. Bairamian to Plaintiff complied with the applicable standard of care. | 25. See Exhibit E, Decl. of Dr. McCormack, ¶ 5-14. |

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 26. The surgery performed by Dr. McCormack[6] was consistent with the consent to surgery given by Plaintiff. | 26. See Exhibit B, Declaration of Dr. Bairamian, ¶ 2-5; see also Exhibit D, Plaintiff's Medical records from Memorial Medical Center, Modesto, p. 12-13, 367-370; see also Exhibit E, Decl. of Dr. McCormack, ¶ 4(p), 4(u), 9,10, 13. |
| 27. Dr. McCormack[7] was not deliberately indifferent to Plaintiff's serious medical needs. | 27. See Exhibit E, Decl. of Dr. McCormack, ¶ 5-14. |

## V. DEFENDANT BAIRAMIAN'S ARGUMENTS

Defendant Dr. Bairamian moves for an order granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that Plaintiff is unable to raise a triable issue of fact to support his claim that Dr. Bairamian violated his rights under the Eighth Amendment to the Constitution of the United States of America, committed Medical Battery, or violated the standard of care with respect to the medical care and treatment provided. In the alternative, Dr. Bairamian asks for an order granting partial summary judgment pursuant to Rule 56 as to the causes of action to which Plaintiff is not able to raise a triable issue of fact.

Defendant's evidence consists of the Declaration of Aaron T. Shultz, Esq., counsel for defendant Dr. Bairamian, ECF No. 80-1, and its attached exhibits, which include: Plaintiff's medical records from his treatment with Dr. Bairamian (Exhibit A), ECF No. 80-1 at 3-11[8]; Decl. of Dr. Bairamian (Exhibit B), ECF No. 80-1 at 12-21; Plaintiff's medical records from Turlock

---

[6] The court presumes that consistent with Defendant's other undisputed facts and Dr. McCormack's declaration, Defendant refers here to surgery performed by Dr. Bairamian, not Dr. McCormack.

[7] The court presumes that consistent with Defendant's other undisputed facts and Dr. McCormack's declaration, Defendant intended to state that Dr. Bairamian, not Dr. McCormack, was not deliberately indifferent.

[8] All page numbers cited herein are those assigned by the court's electronic filing system (CM/ECF) and not based on the parties' pagination of their briefing materials.

11

Imaging Services (Exhibit C), ECF No. 80-1 at 22-27; Plaintiff's medical records from Memorial Medical Center (Exhibit D), ECF No. 80-1 at 28-46; and Declaration of Dr. Bruce McCormack, expert witness (Exhibit E), ECF No. 80-1 at 47-53. Defendant Bairamian argues as follows.

**Consent Issue**

Defendant argues that the surgical procedure he performed on Plaintiff was consistent with Plaintiff's consent. According to Dr. Bairamian, the condition that was causing Plaintiff's symptoms was cord compression at T2-3, which was confirmed by Dr. Bairamian's exam and an MRI. The cause of the symptoms was discussed with Plaintiff, and Plaintiff presented to Memorial Medical Center (MMC) for surgery in July 2014. (See Exhibit A, Plaintiff's medical records from Dr. Bairamian, ECF No. 80-1 at 5-10; see also Exhibit B, Decl. of Dr. Bairamian, ECF No. 80-1 at 13 ¶ 2, and Exhibit 1, ECF No. 80-1 at 16-20.)

As to his visits with Plaintiff in September 2013 and April 2014, Dr. Bairamian declares:

> "As reflected in the records attached hereto as Exhibit 1, I saw Mr. McRae at my office on September 12, 2013, and then again on April 24, 2014. During the April 24, 2014, visit, I explained to Mr. McRae that his MRI reflected cord compression at T2-3 and that this was the likely cause of his neurological symptoms. I told Mr. McRae that surgery of the thoracic spine was indicated to relieve the pressure off of his spinal cord. Mr. McRae said that he wanted to think about whether or not to have surgery and would contact my office if he decided to go forward with the procedure."

(Decl. of Bairamian, ECF No. 80-1 at 13 ¶ 2.)

The medical report of Plaintiff's visit with Dr. Bairamian on September 12, 2013 reflects:

> The patient is evaluated at the kind request of Dr. Franco. He is a 51-year-old right handed gentleman with lower thoracic pain starting in January 2013. There was no injury. His pain is on the lower thoracic left side and it radiates around his chest wall towards the xiphoid. He also has weakness in his legs. He does not have radicular pain. There is no bowel or bladder dysfunction.

(Exh. 1 to Decl. of Bairamian, ECF No. 80-1 at 18.)

At MMC, Dr. Bairamian met again with Plaintiff and Plaintiff signed a consent form for a thoracic laminectomy surgery. (Exh. B, Decl. of Dr. Bairamian, ECF No. 80-1 at 14 ¶¶ 3-4, and Exh. 1, ECF No. 80-1 at 16-17; see also Exh. D, Plaintiff's medical records from Memorial Medical Center, ECF No. 80-1 at 43-46 (Consent Form).

///

Regarding Plaintiff's decision to go forward with surgery, and Plaintiff's consent in July 2014, Dr. Bairamian declares:

> "In July my office was contacted and I was informed that Mr. McRae had decided that he wanted to go forward with the procedure I had recommended previously. I encouraged the prison to take Mr. McRae to Memorial Medical Center and have him admitted through the emergency department in order to facilitate expedited access to surgery. Prior to the surgery I met with Mr. McRae and again explained the planned procedure to him and the indication for surgery. Mr. McRae consented to proceed with a decompressive laminectomy at T2-T3."

(Decl. of Bairamian, ECF No. 80-1 at 14 ¶¶ 3-4.) The consent form states, "Your physicians and surgeons have recommended the following procedure: Thoracic Laminectomy." (ECF No. 80-1 at 43 ¶ 3.) The form, dated and witnessed on July 22, 2014, is signed by Michael S. McRae. (Id. at 45.) Above Mr. McRae's signature, the form states:

> "Your signature to this form indicates that: You have read, understand and had the opportunity to ask your physicians questions about this form and the procedure(s) listed on this form; measures that will be taken to prevent adverse events in procedure include but will not be limited to patient identification, procedure infection and procedure site marking; you desire no further information and authorize and consent to the performance of the procedure(s)."

(Id. at 45 ¶ 7.)

As Dr. Bairamian confirmed, the surgery performed, a thoracic laminectomy, went forward on July 23, 2014.

> "I performed the procedure on Mr. McRae on July 23, 2014, as accurately reflected in the attached operative note."

(Decl. of Bairamian, ECF No. 80-1 at 14 ¶ 5.) The attached operative note, dated July 24, 2014, describes the procedure as "Lower 3/4 of T2, upper one-third of T3 laminectomy and decompression of the cord." (ECF No. 80-1 at 20.)

**Standard of Care**

Dr. Bairamian argues that he complied with the applicable Standard of Care, as evidenced by the opinion of Dr. McCormack, Dr. Bairamian's medical expert, who declared:

> "It is my opinion that Dr. Bairamian complied with the standard of care with respect to the care and treatment he provided to Mr. McRae. His symptoms included pain, decreased sensitivity, leg weakness, and these symptoms appeared to be progressing. Given these symptoms it was appropriate for Dr. Bairamian to recommend a thoracic laminectomy during the April 16, 2014, visit. A laminectomy is a surgical operation to remove the back (lamina) of the one or

more vertebrae to relieve pressure on the nerves of the spinal cord by creating more space for the cord."

(Exh. E, Decl. of Dr. McCormack, ECF No. 80-1 at 51:24 -52:5 ¶ 5.)

It was Dr. McCormack's opinion that if Plaintiff had not had the surgery, he might have died:

> "Given MRI and exam findings, Mr. McRae clearly had compression of his spinal cord at the T2-T3 area. Had Mr. McRae not had the surgery performed by Dr. Bairamian Mr. McRae's neurological symptoms would have, more likely than not, progressed, and within a year caused paraplegia, difficulties breathing, changes in heart rhythm, reduced arm strength, decreased ability to use trunk muscles, and potentially death."

(Exh. E, Decl. of McCormack, ECF No. 80-1 at 52 ¶ 7.)

Dr. McCormack also believed that the surgery was consistent with the consent signed by Plaintiff and complied with the standard of care:

> "The surgery performed by Dr. Bairamian, as referenced in the operative note was performed in accordance with the standard of care. Mr. McRae signed a consent for a Thoracic Laminectomy, and that is the procedure that Dr. Bairamian performed. The procedure performed by Dr. Bairamian was the exact procedure indicated on the consent form, a thoracic laminectomy, and was the appropriate procedure to address Mr. McRae's spinal compression and symptoms. The care and treatment provided to Mr. McRae by Dr. Bairamian complied in all respects with the standard of care."

(Exh. E, Decl. of McCormack, ECF No. 80-1 at 52-53 ¶¶ 8, 10, 13, 14.)

Dr. Bairamian argues that he is entitled to summary judgment in his favor as to Plaintiff's claim for violation of his Eighth Amendment rights because the evidence and undisputed facts demonstrate that Plaintiff consented to the surgery performed by Dr. Bairamian. The facts known to Dr. Bairamian were that Plaintiff had consented to a Thoracic Laminectomy, as evidenced by their discussions and the signed consent form. Dr. McCormack found that Dr. Bairamian was not deliberately indifferent to Plaintiff's serious medical needs. (See Exhibit E, Decl. of Dr. McCormack, ECF No. 80 at 51-53 ¶¶ 5-14.)

Defendant also argues that his performance of a necessary surgery on Plaintiff, to which Defendant believed that Plaintiff had consented, does not rise to the standard of deliberate indifference. Dr. Bairamian contends that the undisputed facts demonstrate that he did not intend to injure Plaintiff and had a reasonable belief that Plaintiff had consented to the subject procedure.

///

Dr. Bairamian argues that for these reasons he is entitled to summary judgment in his favor as to Plaintiff's claims based on violation of Plaintiff's Eighth Amendment rights.

Based on Defendant Dr. Bairamian's arguments and evidence, the court finds that Defendant has met his initial burden of proof. Therefore, the burden now shifts to Plaintiff to produce evidence of a genuine material fact in dispute that would affect the final determination in this case.

## V.     PLAINTIFF'S OPPOSITION

In opposition, Plaintiff has submitted an affidavit[9] (See ECF No. 88 at 2), and argument that Defendant Bairamian knew about his lower back pain and yet performed wrongful surgery without his consent. In addition, Plaintiff's allegations in the Second Amended Complaint constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones, 393 F.3d at 922-23. Plaintiff also presents exhibits consisting of his medical records and a copy of the consent form he signed, ECF No. 88 at 21-22.

Plaintiff's allegations and evidence of events occurring in 2020, after he filed this case on July 25, 2016, shall not be considered because Plaintiff did not have leave of court to file a supplemental complaint. Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may only file a supplemental complaint with leave of court, and Plaintiff did not request leave of court to allege later-occurring events. Id.

Plaintiff argues that Defendant's motion for summary judgment should be denied because there are a genuine issues of material facts about what Dr. Bairamian knew. Plaintiff alleges in the Second Amended Complaint that without his consent, defendants Bairamian, Nguyen, and Betz gave him the wrong surgery, on his upper back instead of on his lower back, which left him disabled, unable to walk correctly and with long-term injury to his lower back. (ECF No. 14 at 4-5.) Plaintiff states that at each visit with the doctors he informed them several times and kept

---

[9] Plaintiff refers to his affidavit as a "sworn affidavit," although there is no evidence of sworn testimony or that the affidavit was signed under penalty of perjury. (ECF No. 88 at 2.)

complaining about his lower back. (Pltf's Affidavit, ECF No. 88 at 5.) On September 12, 2013, Plaintiff met with Dr. Bairamian and explained that he had pain in his lower back. (Id. at 4-5.) In 2013-2016, Plaintiff's x-rays and MRI established Plaintiff's lower back problems. (Id.)

Plaintiff argues that his medical records never determined that he needed upper back surgery, and he never consented to upper back surgery or a Thoracic Laminectomy cord compression that resulted in the wrong neurological symptoms. Plaintiff claims that the Thoracic Laminectomy surgery was not consistent with his lower back problems and conditions. (See Exhibits A, B, C, D.)

### VI. PLAINTIFF'S BIVENS CLAIM --EIGHTH AMENDMENT MEDICAL CLAIM

Plaintiff contends that Defendant Dr. Bairamian violated his Eighth Amendment rights by failing to provide him with proper medical care when he performed the wrong surgery on Plaintiff without his consent, which left Plaintiff unable to walk correctly and with long-term injury to his back.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical

needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

### 1. Serious Medical Need

There is no dispute in this case that Plaintiff suffered from a "serious medical need." Defendant Bairamian does not contest that Plaintiff suffered from back pain that was certain to continue or worsen if left untreated.

### 2. Deliberate Indifference

However, Plaintiff has not presented evidence that Dr. Bairamian acted unreasonably and with deliberate indifference in his treatment of Plaintiff.

Plaintiff does not contest evidence showing that he signed a form consenting to Thoracic Laminectomy surgery, or contest that Dr. Bairamian performed any medical procedure beyond Thoracic Laminectomy surgery.

However, notwithstanding the evidence that Plaintiff signed a form consenting to the type of surgery which he was given, a factual dispute does exist as to whether Plaintiff consented to the full scope of Dr. Bairamian's surgery, and whether any disputed procedure beyond the scope of consent caused Plaintiff harm. Thus, with respect to Plaintiff's Bivens Claims, even if material issues of fact remain as to what the surgeon did and did not disclose, or whether the procedure

as actually performed on Plaintiff went beyond his consent, Plaintiff still cannot overcome Defendant's motion for summary judgment on the Biven's claim as he cannot demonstrate that Defendant acted with deliberate indifference.

In addition, Plaintiff has not offered expert testimony on the scope of the surgeon's duty to disclose, whether defendant's actions exceeded the scope of consent, and finally whether Dr. Bairamian's actions caused injury to Plaintiff.[10] Plaintiff's opinion testimony is not admissible under Rule of Evidence 701 because he is a layman and not a medical expert:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Accordingly, based on the foregoing, the court should grant Defendant Bairamian's motion for summary judgment on Plaintiff's Bivens claim of deliberate indifference in violation of the Eighth Amendment.

### VII. PLAINTIFF'S STATE LAW CLAIMS

Plaintiff's remaining claims, for medical battery and medical malpractice, are state law claims. Because defendant Bairamian is entitled to summary judgment on all claims brought under federal law, this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[10] Failure to provide sufficient information to support informed consent is a valid claim under California law. Jackson v. United States, No. C 05-3006MHP, 2007 WL 4532223, at *6 (N.D. Cal. Dec. 19, 2007). "A physician violates his duty to his patient and subjects himself to liability if he withholds any facts which are necessary to form the basis of an intelligent consent by the patient to the proposed treatment." Id. (quoting Berkey v. Anderson, 1 Cal.App.3d 790, 803-804, 82 Cal.Rptr. 67 (1969). Liability for failure to obtain informed consent may attach even if the medical treatment is performed in accordance with the standard of care. Id.

The district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." Carnegie-Mellon Univ. v. Cohill, Inc. (Carnegie-Mellon), 484 U.S. 343, 350 n.7 (1988) (indicating disapproval of a district court's retention of jurisdiction to adjudicate a statute of limitations issue); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Bryant v. Adventist Health Sys. W., 289 F.3d 1162, 1169 (9th Cir. 2002) (holding once the federal claim on which jurisdiction exists has been proven to be unfounded at summary judgment, this allows courts to avoid determining issues of state law).

In this case, the court has found that Defendant Bairamian's motion for summary judgment should be granted as to Plaintiff's federal claims. Therefore, this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## VIII. CONCLUSION AND RECOMMENDATIONS

The court finds that based on the undisputed facts, Defendant Dr. Bairamian's motion for summary judgment, filed on October 23, 2020, should be granted.

Therefore, based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. The motion for summary judgment filed by Defendant Dr. Bairamian on October 23, 2020, be GRANTED as to Plaintiff's Bivens claim under the Eighth Amendment;
2. The court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Bairamian;
3. Summary judgment be granted to Defendant Bairamian;
4. This case now proceed only against defendants David Betz and Kevin Cuong Nguyen on Plaintiff's Bivens claims for inadequate medical care and state law claims for medical malpractice and medical battery;

5. The Clerk of Court be directed to reflect Defendant Dr. Bairamian's dismissal from this case on the court's docket; and

6. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten **(10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson, 772 F.3d at 838-39 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 27, 2021**         **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE