UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>Plaintiff,<br><br>v.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>Defendants. | **1:16-01066-NONE-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**ORDER DENYING REQUEST FOR ISSUANCE OF SUBPOENAS, WITHOUT PREJUDICE**<br><br>**(ECF No. 100.)** |

**I. BACKGROUND**

Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian,[1] Dr. Kevin Cuong Nguyen, and Dr.

---

[1] In his original Complaint, Plaintiff referred to this defendant as Dr. Bairamian, Dikran, M.D. (ECF No. 1.) The court entered the defendant's name as Bairamian Dikran. (Court docket.) In his Answer to the complaint, defense counsel clarifies that this defendant's name is Dikran Bairamian. (ECF No. 32.)

1

David Betts for inadequate medical care under the Eighth Amendment, and state law claims for medical malpractice and medical battery. (ECF No. 14.) This case is now in the discovery phase pursuant to the court's scheduling order issued on October 2, 2020. (ECF No. 32.)

On March 18, 2021, Plaintiff filed a motion to compel Defendants to produce medical records from Plaintiff's current doctors in Fayetteville, North Carolina. (ECF No. 100.) Plaintiff also requested the court to issue subpoenas to his doctors' offices. On April 5, 2021, defendants Bairamian and Betz each filed an opposition to the motion. (ECF Nos. 101, 102.) On April 19, 2021, Plaintiff filed a reply to the opposition. (ECF No. 103.)

Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

## II.     MOTION TO COMPEL

### A.     <u>Federal Rules of Civil Procedure 26(b), 34, and 37(a)</u>

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472 (D.Nev. 1998) quoting <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D.Nev.

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

**B.** **Parties' Positions**

Plaintiff requests an order under 28 U.S.C § 1915(d) and Federal Rules of Civil Procedure 26(b)(1), 34, and 45, compelling Defendants to produce medical records and documents from

Plaintiff's current physicians in Fayetteville, North Carolina. Plaintiff states that these medical records have not been previously requested from Defendants through a request for production of documents. In opposition to the motion to compel, Defendants Bairamian and Betz each argue that because Plaintiff has not made any prior request for production of documents from either of them, there is nothing to compel. Defendants are correct. Under Rule 37, a party may move for an order compelling production of documents **if** a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). (emphasis added). Here, neither of the responding Defendants has failed to produce documents pursuant to Plaintiff's request and therefore it is premature for a motion to compel. For this reason, Plaintiff's motion to compel shall be denied.

Plaintiff also requests the issuance of subpoenas commanding his current physicians to produce medical documents. Plaintiff provides copies of letters dated February 8, 2021, to two of his physicians in which he requested them to forward copies of his medical records to the courthouse in the Eastern District. Plaintiff has not indicated whether he received responses to either of these letters.

The Court will consider granting a request for issuance of a subpoena only if the documents sought from the non-party are not equally available to Plaintiff. It appears to the Court that the documents sought by Plaintiff may be available to Plaintiff through a written request to his current doctors, to the Neurology and Pain Management Center, or to any other of Plaintiff's medical providers. Plaintiff should request the records to be sent to him, <u>not to the court</u>. Until Plaintiff can provide evidence that he has made an effort to obtain the records himself and his requests have been denied, the court shall not issue subpoenas. Therefore, Plaintiff's request for issuance of subpoenas to his physicians shall be denied, without prejudice to renewal of the motion.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on March 18, 2021, is DENIED; and

///

4

2. Plaintiff's request for the issuance of subpoenas, filed on March 18, 2021, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**May 14, 2021**__            __**/s/ Gary S. Austin**__
                                                      UNITED STATES MAGISTRATE JUDGE