UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BAIRAMIAN DIKRAN, et al.,<br><br>　　　　Defendants. | 1:16-cv-01066-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DR. NGUYEN BE DISMISSED FROM THIS CASE, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE (ECF No. 110.)**<br><br>**FOURTEEN-DAY DEADLINE TO FILE OBJECTIONS** |

**I.　　BACKGROUND**

　　　Michael Scott McRae ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendants Dr. Dikran Bairamian, Dr. Kevin Cuong Nguyen, and Dr. David Betz (collectively, "Defendants"), for inadequate medical care under the Eighth Amendment, and state law claims for medical malpractice and medical battery. (ECF No. 14.)

1

On March 10, 2021, the United States Marshal filed a return of service executed as to defendant Nguyen, indicating that defendant Nguyen was personally served with process on March 10, 2021. (ECF No. 99.) Under Rule 12 of the Federal Rules of Civil Procedure, defendant Nguyen had 21 days in which to file an answer or motion under Rule 12 in response to Plaintiff's complaint. More than four months have passed and defendant Nguyen has not filed an answer, a motion under Rule 12, or any other response to Plaintiff's complaint. (See court record.) Plaintiff has not filed a motion under Rule 55. (Id.)

On May 28, 2021, the court issued an order to show cause requiring Plaintiff to respond to the order within thirty days showing cause why defendant Dr. Nguyen should not be dismissed from this case for Plaintiff's failure to prosecute against Dr. Nguyen. (ECF No. 110.) The court's order noted that despite defendant Nguyen's failure to respond to the Complaint for the past 60 days, "Plaintiff has not filed a motion under Rule 55." ECF No. 110 at 2:9.) The thirty-day deadline has passed and Plaintiff has not filed a response to the court's order. (Court record.)

## II.     FAILURE TO PROSECUTE

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Carey, 856 F. 2d at 1440; Ghazali, 46 F. 3d at 53; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

## III. DISCUSSION

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket weigh in favor of dismissal as this case has been pending for more than five years, and there is no indication that Plaintiff intends to prosecute against defendant Dr. Nguyen. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

The dismissal of defendant Dr. Nguyen being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that defendant Dr. Nguyen was successfully served with process more than four months ago and has not appeared in this action, yet Plaintiff has not prosecuted against Dr. Nguyen.

## IV. RECOMMENDATIONS AND CONCLUSION

Accordingly, the Court HEREBY RECOMMENDS that defendant Dr. Nguyen be dismissed from this action, with prejudice, for Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: __**July 17, 2021**__          **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE